IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Criminal Action No. 1:24-cr-00212-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**(1) JOSHUA LYBOLT**; and
**(2) MAGDALENA LYBOLT**,

    Defendants.

## ORDER GRANTING JOINT MOTION TO CONTINUE

The defendants jointly move to continue the trial date in this case by ninety days, and to exclude that period of delay when computing the time within which their trial must commence under the Speedy Trial Act. Doc. 64. For the following reasons, I find that the requested continuance is warranted, and that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendants in a speedy trial. Accordingly, the defendants' motion is granted.

### PROCEDURAL HISTORY

On June 27, 2024, the defendants were indicted on multiple counts relating to wire fraud. Doc. 1. On July 11, the defendants had their initial appearances in this Court and pleaded not guilty at their arraignments, Docs. 7, 11, making September 19, 2024 the initial deadline for their trial to commence under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), (h)(6). The defendants have filed four prior motions for continuances of their trial date and exclusions of Speedy Trial Act time, which were granted. Docs. 25, 41, 55, 61. Trial is currently set for

- 1 -

December 1, 2025. Doc. 56. On October 21, 2025, the defendants filed the joint motion to continue currently before me. Doc. 64. The Government does not oppose the requested continuance. *Id.* ¶ 7.

## APPLICABLE LAW

When evaluating a request to continue a trial, I consider the following factors: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the Court resulting from the continuance; and (4) the need asserted for the continuance and the harm that the party requesting it might suffer if the continuance is denied. *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). No single factor is determinative, and the weight given to any one factor may vary depending on the extent of the showing on the others. *Id.* However, "by far the most important factor to consider" is the requesting party's need for a continuance and the prejudice resulting from its denial. *Id.* at 1471.

When a request for continuance implicates Speedy Trial Act requirements, I may exclude from the statutory time period within which the defendant's trial must commence "[a]ny period of delay resulting from a continuance granted . . . on the basis of [my] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In order to exclude the period resulting from such a continuance, I must set forth in the record my reasons for finding that the ends of justice served by granting the continuance outweigh the best interests of the

- 2 -

public and the defendant in a speedy trial, considering the following factors:

>   (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
>   (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
>   . . . .
>
>   (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(A)-(B); *see also United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009).

## DISCUSSION

The defendants request a continuance because they need additional time to continue plea negotiations with the Government. Doc. 64 ¶¶ 2, 6. The defendants report that Mr. Lybolt is "in the final stages of plea negotiations," and his negotiations "directly impact Ms. Lybolt and her ongoing negotiations with the government, which are directly related to the negotiations involving her husband." *Id.* ¶ 2. Additionally, Ms. Lybolt's counsel needs more time to confer with her regarding the case due to her current hospitalization. *Id.* ¶ 3.

I find that the *West* factors weigh in favor of granting the requested continuance. Nothing in the record suggests that the defense has not been diligent in conducting necessary pretrial tasks and engaging in plea negotiations. It also appears likely that the continuance, if granted, would accomplish the stated purpose of giving counsel the reasonable time necessary to complete their plea negotiations, and for Ms. Lybolt's counsel to assess her ability to participate in the case and assist with her defense. The Government does not oppose the requested continuance, and the continuance will not cause any significant inconvenience to the Court. And the defendants might be significantly prejudiced if the continuance is denied, as they may be unable to effectively prepare their defense without additional time.

I further find that the Speedy Trial Act factors weigh in favor of a finding that the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial. It is in the defendants' best interest to have sufficient time to engage in fully informed plea negotiations with the Government. Without the requested continuance, defense counsel will be unable to effectively advise their clients regarding their options or prepare the case for trial if necessary. A limited ends-of-justice continuance will not subvert the public's or the defendants' interests in the prompt prosecution of this case.

## CONCLUSION

Based on the relevant record considered as a whole, I **FIND** that:

Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c)(1) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

Even taking into account the exercise of due diligence, failure to grant the requested continuance would deny counsel for the defendants

the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

The ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A); and

Ninety days should be excluded from the computation of the Speedy Trial Act time.

For the foregoing reasons,[1] it is **ORDERED** that:

The defendants' Joint Unopposed Motion for an Ends of Justice Continuance of Trial and Related Dates, **Doc. 64**, is **GRANTED**;

Ninety days, from November 16, 2025 to February 14, 2026, will be excluded from the computation of the Speedy Trial Act time for both defendants;

The seven-day jury trial set for December 1, 2025 is **VACATED** and **RESET** to commence at **9:00 a.m.** on **March 2, 2026** in Courtroom A1002 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294. Counsel and pro se parties must be present at 8:30 a.m. on the first day of trial;

The Trial Preparation Conference set for November 18, 2025 is **VACATED** and **RESET** to **1:30 p.m.** on **February 24, 2026** in Courtroom A1002; and

The pretrial motions deadline is extended to **January 20, 2026**, responses to those motions must be filed no later than **January 27, 2026**, and no replies are permitted without prior leave of the Court. The deadlines for disclosing and challenging expert witnesses, filing any notice of disposition, filing and responding to motions *in limine*, filing proposed

---

[1] As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the Court's calendar or lack of diligent preparation by the Government's counsel.

jury instructions and verdict forms, filing trial briefs, filing witness and exhibit lists, and filing proposed *voir dire* questions remain as stated in the Order Setting Trial Date and Related Deadlines, Doc. 15, and are now tied to the new trial and Trial Preparation Conference dates.

DATED: November 3, 2025

BY THE COURT:

Daniel D. Domenico
United States District Judge